DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
(212) 468-4800
Ina B. Scher (ischer@dglaw.com)
*Attorneys for Defendant IBM*

LUM, DRASCO & POSITAN LLC
103 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
(973) 403-9000
Dennis J. Drasco (ddrasco@lumlaw.com)
*Attorneys for Defendant Covalent Marketing LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THS GROUP LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>COVALENT MARKETING LLC, IBM, JSL ENTERPRISES, LLC, ACOUSTIC, L.P., MGAGE: MOBILE MARKETING.<br><br>            Defendants. | **NOTICE OF REMOVAL OF ACTION** |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendants Covalent Marketing LLC and IBM (collectively, "Removing Defendants"), through their undersigned counsel and pursuant to 28 U.S.C §§ 1441, 1446, and 1332 hereby remove to this Court Case No. MID L -006493 20 from the Superior Court of the State of New Jersey, Law Division, Middlesex County, and state:

1.      Plaintiff filed a Complaint against Defendants Covalent Marketing LLC, IBM, JSL Enterprises, LLC, Acoustic, L.P., and mGage: Mobile Marketing in the Superior Court of New Jersey, Law Division, Middlesex County, on or about September 10, 2020.

2.      Defendant IBM has not been served, but was provided with a copy of the Complaint (the "Complaint") on October 7, 2020.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.      Defendant Covalent Marketing LLC has not been served, but was provided a copy of the Complaint on October 9, 2020.

4.      On or about September 14, 2020 the Clerk of the Court issued a deficiency notice identifying that no R. 4:5-1 certification had been filed along with the Complaint.  This Rule requires that counsel include a certification "as to whether the matter in controversy is the subject of any other action pending in any court or of a pending arbitration…"  R. 4:5-1(b)(2).  On October 2, 2020, Plaintiff filed a pleading identified as "Deficiency Correction", which was a corrected copy of the Complaint with the R. 4:5-1 Certification attached thereto, but without exhibits attached.  A true and correct copy of this document is attached hereto as Exhibit B.

5.      This Notice of Removal is being timely filed, pursuant to 28 U.S.C. § 1446(b), within 30 days of when the Removing Defendants were provided with copies of the Complaint.

6.      As stated in the Complaint, Plaintiff alleges that it suffered damage as a result of an alleged "glitch" in a text message marketing platform provided by Defendants, which allegedly exposed Plaintiff to liability.  The Complaint asserts state law claims for breach of contract, breach of express warranty, negligence, indemnity, respondeat superior and violation of the New Jersey Consumer Fraud Act.

7.      The Removing Defendants dispute Plaintiff's allegations in the Complaint and set forth Plaintiff's allegations herein solely for the purpose of demonstrating that this Court has jurisdiction over this action.

8.      The matter in controversy exceeds the sum or value of $75,000.00 dollars, exclusive of interest and costs.  Specifically, Plaintiff claims damages in excess of $263,685.50, exclusive of interest and attorneys' fees.  *See* Complaint ¶ 26.

9.      This action involves a controversy which is between citizens of different states, both at the time of the filing of the action in state court and at the time of removal.

10.     Plaintiff alleges that it is a corporation organized under the laws of New Jersey, with its principal place of business in New Jersey.  *See* Complaint ¶ 2.  A public records search reveals no citizenship of Plaintiff in any state other than New Jersey.  Upon information and belief, Plaintiff was and is a citizen of New Jersey for purposes of federal diversity jurisdiction, both at the time of the filing of the action in state court and at the time of removal.

11.     Defendant IBM was and is, both at the time of the filing of the action in state court and at the time of removal, a corporation organized and existing under the laws of New York, with a principal place of business at 1 Orchard Road, Armonk, New York.  *See* Complaint ¶ 4.  IBM is thus a citizen of New York for purposes of federal diversity jurisdiction.

12.     Defendant Covalent Marketing LLC was and is, both at the time of the filing of the action in state court and at the time of removal, a Limited Liability Company organized and existing under the laws of Colorado with its principal place of business at 20 West Kinzie Street, 17th Floor, Chicago, Illinois.  Both at the time of the filing of the action in state court and at the time of removal, the two members of Defendant Covalent Marketing LLC are citizens of the United States who are domiciled in Illinois and Colorado, respectively.  These two individuals

are citizens of the states of Illinois and Colorado, respectively.   Thus Defendant Covalent Marketing LLC is a citizen of Illinois and Colorado for purposes of federal diversity jurisdiction.

13.     Upon information and belief, Defendant JSL Enterprises, LLC was and is, both at the time of the filing of the action in state court and at the time of removal, a Limited Liability Company organized and existing under the laws of Georgia with its principal place of business at 465 Trowgate Lane, Atlanta, Georgia.  The sole member of Defendant JSL Enterprises, LLC is Evan Lazarus, an individual who is domiciled in Georgia and is a citizen of the United States. Evan Lazarus is a citizen of Georgia.   Thus Defendant JSL Enterprises, LLC is a citizen of Georgia for purposes of federal diversity jurisdiction.

14.     The Complaint alleges that Defendant mGage: Mobile Marketing is a corporation organized and existing under the laws of New York, with a principal place of business at 470 7th Avenue, 7th Floor, New York, New York.  *See* Complaint ¶ 7.  However, upon information and belief, mGage: Mobile Marketing was and is, both at the time of the filing of the action in state court and at the time of removal, in fact a Limited Liability Company organized and existing under the laws of Delaware with its principal place of business in New York at the address set forth in the Complaint, 470 7th Avenue, 7th Floor, New York, New York.  mGage: Mobile Marketing thus has connections to states where Plaintiff is not a citizen.  The Removing Defendants have conducted a reasonable inquiry to determine the membership of mGage: Mobile Marketing and found nothing of value.  The Removing Defendants have conducted a good-faith search and found no connection between mGage: Mobile Marketing and Plaintiff's home state of New Jersey.  Thus, pursuant to *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), Defendant mGage: Mobile Marketing is from a different state from Plaintiff for purposes of federal diversity jurisdiction.

15.     The Complaint alleges that Defendant Acoustic, L.P. is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 100 Summit Drive, Suites 911 & 912, Burlington, Massachusetts.  *See* Complaint ¶ 6.  However, a public records search reveals no such entity organized and existing under the laws of New Jersey. Upon information and belief, Acoustic, L.P. was and is, both at the time of the filing of the action in state court and at the time of removal, organized and existing under the laws of Delaware and maintains its principal place of business in Massachusetts at the address set forth in the Complaint, 100 Summit Drive, Suites 911 & 912, Burlington, Massachusetts.  Acoustic, L.P. thus has connections to states where Plaintiff is not a citizen.  The Removing Defendants have conducted a reasonable inquiry to determine the membership of Acoustic, L.P. but found nothing of value.   The Removing Defendants have conducted a good-faith search and found no connection between Acoustic, L.P. and Plaintiff's home state of New Jersey.  Thus, pursuant to *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), Defendant Acoustic, L.P. is from a different state from Plaintiff for purposes of federal diversity jurisdiction.

16.     In light of the foregoing, for purposes of 28 U.S.C. § 1332(a)(1), the parties to this action are citizens of different States.

17.     As set forth herein, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, and the parties to this action are citizens of different states.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

18.     Upon information and belief, Defendants JSL Enterprises, LLC, Acoustic, L.P., and mGage: Mobile Marketing have not been served.  Therefore, such Defendants' consent is not required for this notice of removal.

19.     This action was filed in the Superior Court of the State of New Jersey, Law Division, Middlesex County, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391, 1441(a), and 1446.

20.     Plaintiff's principal place of business is 300 McGaw Drive, Edison, New Jersey. *See* Complaint ¶ 2.  Because Edison, New Jersey is located in northern Middlesex County – north of the Raritan River – the appropriate venue for this dispute is the Newark Division of the District of New Jersey.

21.     Because Plaintiff claims damages in excess of $263,685.50, exclusive of interest and attorneys' fees (Complaint ¶ 26), this action does not qualify for Compulsory Arbitration pursuant to Local Civ. Rule 201.1(d)(1)&(3).

22.     Contemporaneously with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be provided to Plaintiff, and a copy of the Notice of Removal will be filed with the Superior Court of New Jersey, Law Division, Middlesex County.

23.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal as well as submit evidence, briefing, memoranda, and argument in support of removal.

24.     By removing this case to federal court, the Removing Defendants have not waived and expressly reserve any objections they may have to service, jurisdiction, venue, or any other defenses or objections in this action.  The Removing Defendants intend no admission of fact, law, or liability by this Notice of Removal, and reserve all defenses, motions and pleas.

WHEREFORE, Defendants Covalent Marketing LLC and IBM hereby remove the above captioned action from the Superior Court of New Jersey, Law Division, Middlesex County,

Index Number MID L -006493 20, and request that the United States District Court for the District of New Jersey, Newark, assume jurisdiction over this action, conduct further proceedings in this Court as provided by law and local rules, and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: New York, New York
      November 6, 2020

                        DAVIS & GILBERT LLP

                        By:  */s/ Ina B. Scher*

                            Ina B. Scher (member in good
                            standing)
                            Marc J. Rachman (member in good
                            standing)
                            James R. Levine (*pro hac vice*
                            application to be filed)
                            1740 Broadway
                            New York, New York 10019
                            (212) 468-4800
                            Email:  ischer@dglaw.com

                            *Attorneys for Defendant IBM*

                        LUM, DRASCO & POSITAN LLC

By: */s/ Dennis J. Drasco*

Dennis J. Drasco (member in good
standing)
Arthur M. Owens (member in good
standing)
103 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
(973) 403-9000
Email:  AOwens@lumlaw.com

*Attorneys for Defendant Covalent
Marketing LLC*