UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THS GROUP, LLC,<br><br>Plaintiff,<br><br>COVALENT MARKETING, LLC, et al.,<br><br>Defendants. | Civil Action No. 20-15655 (KSH) (CLW)<br><br>REPORT AND RECOMMENDATION FOR *SUA SPONTE* REMAND |

**CATHY L. WALDOR, U.S.M.J.**

  This comes before the Court, *sua sponte*, concerning the apparent lack of subject matter jurisdiction in the above-referenced matter. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves this issue without oral argument.[1] Upon careful consideration of the record for this matter, and for good cause shown, and

  **WHEREAS** Plaintiff THS Group LLC commenced this case by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County Vicinage, on or about September 10, 2020. (*Generally* Compl., ECF No. 1-1). In that pleading, Plaintiff asserted several New Jersey statutory and common law claims against Defendants Covalent Marketing LLC, IBM, JSL Enterprises, LLC, Acoustic, L.P., and mGage: Mobile Marketing related to an alleged problem with a text message marketing system. (*Id.*); and

  **WHEREAS** Defendants Covalent Marketing LLC ("Covalent") and IBM removed the case to the United States District Court for the District of New Jersey on November 6, 2020.

---

[1] While not a formal argument, the Court did address Plaintiff's citizenship during a telephone conference call on April 1, 2021.

1

(Notice of Removal, ECF No. 1).  In so doing, those defendants argued that removal was appropriate because the District Court "has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1)."  (*Id.* ¶ 17).  Covalent and IBM supported that conclusion with representations regarding the respective citizenship of each party, as well as the amount of damages Plaintiff alleged to have suffered.  (*Id.* ¶¶ 8-15).  With regard to Plaintiff, Covalent and IBM stated:

> Plaintiff alleges that it is a corporation organized under the laws of New Jersey, with its principal place of business in New Jersey. *See* Complaint ¶ 2. A public records search reveals no citizenship of Plaintiff in any state other than New Jersey. Upon information and belief, Plaintiff was and is a citizen of New Jersey for purposes of federal diversity jurisdiction, both at the time of the filing of the action in state court and at the time of removal.

(*Id.* ¶ 10) (citations in original).  In short, Covalent and IBM removed this matter to federal court based on their understanding that Plaintiff had New Jersey citizenship while all the defendants were citizens of other states.  (*Id.* ¶¶ 9-16); and

**WHEREAS** the undersigned conducted an initial conference on January 20, 2021 and entered an Initial Scheduling Order on the same date.  (ECF No. 27).  That Order required, in pertinent part, that all parties disclose their states of citizenship by February 17, 2021.  (Initial Scheduling Order at 1, ECF No. 27).  All defendants complied with that requirement.  (ECF Nos. 31-34).  Of note, Defendant Acoustic, L.P. represented:

> Acoustic, L.P. is, and was at the time of the filing of this action in state court, a limited partnership. For purposes of determining diversity of citizenship under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441, the citizenship of Acoustic, L.P.'s partners, general and limited, is as follows: Alaska, Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Georgia, Illinois, Kansas, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Montana, North Carolina, **New Jersey**, Nevada, New York, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee,

> Texas, Utah, Virginia, Vermont, Washington, and Wisconsin, as well as one or more foreign states.

(Decl. of States of Citizenship of Acoustic, L.P., ECF No. 33) (emphasis added); and

**WHEREAS** Plaintiff did not timely disclose its citizenship.  Nevertheless, in light of Defendant Acoustic, L.P.'s New Jersey citizenship, the basis for Defendants' removal, and the Court's concern about the propriety of the District Court's subject matter jurisdiction over this matter, the undersigned entered an Order that stated, in pertinent part:  "It appears that both Plaintiff and Defendant Acoustic, L.P. are citizens of New Jersey, and that the District Court therefore lacks subject matter jurisdiction over this case.  On or before 2/26/21, the parties shall file letters advising whether they consent to remand or, alternatively, why the District Court should not remand the matter *sua sponte* for lack of subject matter jurisdiction." (Feb. 18, 2021 Order, ECF No. 35).  By letter dated February 25, 2021, Defendants jointly advised that they could not consent to remand because Plaintiff had failed to disclose its citizenship and "[w]ithout this information, the Court and the parties cannot make a full determination as to whether diversity jurisdiction exists."  (Feb. 25, 2021 Letter at 1-2, ECF No. 36).  Defendants therefore requested that the Court direct Plaintiff to provide that information by a date certain.  (*Id.* at 2); and

**WHEREAS** Plaintiff ultimately disclosed its citizenship on March 1, 2021, advising that it "is, and was at the time of the filing of this action in state court, a corporation organized and existing under the laws of New Jersey with a principal place of business [in New Jersey]." (Disclosure of States of Citizenship of THS Group LLC, ECF No. 38).  After reviewing that submission, the Court entered an Order stating, in relevant part:  "[w]hile Plaintiff represents that it is a corporation organized and existing under the laws of New Jersey, the Court notes that Plaintiff's name reflects that it is actually a limited liability company.  On or before 3/9/21, Plaintiff shall file a letter advising whether it is a corporation or a limited liability company.  If it is a limited

3

liability company, Plaintiff shall identify each of its members, and disclose each member's respective state of citizenship." (March 2, 2021 Order, ECF No. 40). On March 9, 2021, Plaintiff filed the Certification of David Seruya Pursuant to 28 U.S. Code § 1746. (ECF No. 42). In his Certification, Mr. Seruya represented that he was "the sole owner and member of THS Group LLC" and that he was "located in New Jersey at address 485 S. Edgemere Drive, Allenhurst, NJ." (*Id.*); and

**WHEREAS** the Court held a telephone status conference on March 10, 2021 and addressed the subject matter jurisdiction issue. Following the conference, the Court entered an Order directing the parties to file additional letter briefing on the matter. (ECF No. 44). On March 17, 2021, Defendants filed a joint letter challenging the accuracy of Mr. Seruya's certification and asking the Court to reject Mr. Seruya's representations. (ECF No. 47). Defendants argued, for instance, that public records reflected that Plaintiff was formed under Pennsylvania law, rather than in New Jersey, and that Plaintiff's initial registered officer was Ronald Seruya rather than David Seruya. (*Id.* at 2-3). Defendants therefore argued: "Mr. Seruya's certification appears to be inaccurate with respect to THS Group LLC's state of organization, as well as potentially the ownership/membership of the LLC. In light of this, Defendants have concerns about the accuracy of the information provided by Mr. Seruya regarding THS's members and state(s) of citizenship." (*Id.* at 3). Plaintiff filed a response on March 31, 2021, explaining, in relevant part, that Plaintiff is, in fact, organized under Pennsylvania law, but that it operates out of New Jersey and that David Seruya is its sole member. (Pl. March 31, 2021 Br. at 1-2, ECF No. 54); and

**WHEREAS** the Court conducted another telephone conference on April 1, 2021. During that conference, Defendant Covalent continued to challenge Plaintiff's representations regarding its citizenship, and it became apparent that Defendants would not consent to remand; and

**WHEREAS** when removing this case to federal court, Defendants Covalent and IBM argued that the District Court enjoyed subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332. That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); and

**WHEREAS** the law governing the citizenship of unincorporated associations is well-settled. As the United State Court of Appeals for the Third Circuit has summarized:

> [U]nlike corporations, unincorporated associations such as partnerships "are not considered 'citizens' as that term is used in the diversity statute." Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." The state of organization and the principal place of business of an unincorporated association are legally irrelevant. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." For complete diversity to exist, all of the LLC's members "must be diverse from all parties on the opposing side."

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015) (internal citations omitted); and

**WHEREAS** the Third Circuit has cautioned that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand'", *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Moreover, the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Id.* (citing *Steel Valley*, 809 F.3d at 1010, 1012, n. 6); and

**WHEREAS** 28 U.S.C. § 1447(c) provides, in relevant part: "''If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."; and

**WHEREAS** the record in this matter reflects that Defendant Acoustic, L.P. has partners residing in New Jersey, as well as 31 other states and the District of Columbia. (Disclosure of States of Citizenship of Acoustic, L.P., ECF No. 33). Acoustic is therefore a citizen of each of those locations for diversity purposes. The record further reflects that Plaintiff is a limited liability company, and that its sole member resides in New Jersey. (Decl. of David Seruya, ECF No. 42). Plaintiff is therefore a New Jersey citizen for the purpose of a diversity analysis. While Defendants may not believe Mr. Seruya's representations regarding Plaintiff's citizenship,[2] they have not established an alternative, let alone that complete diversity exists here. For instance, while Defendants have argued that Plaintiff was formed in Pennsylvania and may, therefore, have some connection to that state, Acoustic, L.P. is also a citizen of Pennsylvania, (Disclosure of States of Citizenship of Acoustic, L.P., ECF No. 33), which renders that point meaningless for diversity purposes. It is also not lost on the Court that Covalent and IBM removed this case to federal court based on their own understanding that Plaintiff was a New Jersey citizen, only to jettison that belief in the face of remand; and

**WHEREAS** the Court finds that, as both Plaintiff and Defendant Acoustic, L.P. have New Jersey citizenship, the District Court may not exercise subject matter jurisdiction over this matter

---

[2] During the April 1, 2021 telephone conference, counsel for Defendant Covalent argued that Mr. Seruya's certification was unclear, as Mr. Seruya represented that he was "located" at a specific address in New Jersey, rather than specifying that he resided at that address. Plaintiff's counsel represented that Mr. Seruya did, in fact, reside at that address.

in accordance with 28 U.S.C. § 1332.  The District Court should therefore remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c),

**IT IS** on this 19th day of April, 2021,

**RECOMMENDED** that the District Court remand this case to the Superior Court of New Jersey for lack of subject matter jurisdiction.

s/Cathy L. Waldor<br>
Cathy L. Waldor, U.S.M.J.